Per Curium:
The plaintiff in this case, a field clerk in the Quartermaster Corps, claims that under the provisions of the act of August 29,1916, he is entitled to receive the allowances provided for field clerks in that act from the date of the approval of the act. The act provides:
“Hereafter headquarters clerks shall be known as Army field clerks and shall receive pay at the rates herein provided, and after twelve years of service, at least three years of which shall have been on detached duty away from a permanent station, or on duty beyond the continental limits of the United States, or both, shall receive the same allowances, except retirement, as heretofore allowed by law to pay clerks, Quartermaster Corps, and shall be subject to the Pules and Articles of War.
“ Hereafter not to exceed two hundred clerks, Quartermaster Corps, who shall have had twelve years of service, at least three years of which shall have been on detached duty away from permanent station, or on duty beyond the continental limits of the United States, or both, shall be known as field clerks, Quartermaster Corps, and shall receive the same allowances, except retirement, as heretofore allowed by law to pay clerks, Quartermaster Corps, and shall be subject to the Rules and Articles of War.” 39 Stat. 625, 626.
It seems to the court that Congress intended and plainly said that these clerks should receive the allowances which it was providing for them from the date of the approval of' the act. No new office was created by the act. No Executive action had to be taken in order to determine the status of the beneficiaries of the act. The language of the statute is plain, and it confers upon certain designated persons the-right to receive certain allowances immediately upon the passage of the act. Such was the construction given to the act by the Judge Advocate General of the Army and acted upon by the Secretary of War. The Judge Advocate General says in his opinion:
“ Reading the two provisions together, I think it is clear that it was the intent of Congress to fix the status, pay, and allowances of the said clerks from the date of the approval of the act. Indeed, if Congress has not so intended, I think that instead of providing that ‘ hereafter ’ the clerks ‘ shall be known,’ etc., it would have made the usual provision that *186 the Secretary of War may appoint them to the positions prescribed. The provisions merely change the designation and compensation of the offices held by the clerks, and no new appointments are necessary to give effect to the statute. It is, therefore, the opinion of this office that the 200 field clerks, Quartermaster Corps, and the Army field clerks are entitled to the prescribed pay and allowances from the date of the approval of the statute authorizing the same.”
We think this reasoning conclusive, and that the plaintiff is entitled to recover the sum of $138.11.
*187 CABES DECIDED IN THE SUPREME COURT ON APPEAL October Term, 1918.